IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-139-FL

| | |
|---|---|
| ROSETTA COOPER WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 16, 20). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's final decision. Plaintiff timely filed an objection to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

## BACKGROUND

On January 29, 2013, plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning January 28, 2013. The applications were denied both initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after an October 24, 2014, hearing, denied plaintiff's claims by decision entered December 19, 2014. Following the ALJ's denial of her applications, plaintiff timely filed a request for review with the Appeals Council, which denied the

request, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on March 31, 2016, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely-filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 28, 2013, her alleged onset date. At step two, the ALJ found that plaintiff had the following severe impairments: a disorder of the spine, diabetes mellitus, and hypertension. However, at step three, the ALJ determined that these impairments were not severe enough, viewed either individually or in combination, to meet or medically equal one of the listings in the regulations. Before proceeding to step four, the ALJ determined that during the relevant time period, plaintiff had the residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with the following limitations: occasionally climb ladders, ropes, and scaffolds; occasionally stoop and crouch; and must avoid concentrated exposure to hazards, such as working around unprotected heights and dangerous machinery.[1] In making this assessment, the ALJ found plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely credible." (Tr. 19). At step four, the ALJ concluded plaintiff was able to perform her past relevant work as a nurse assistant, rubber good finisher, finisher, and hand packager. The ALJ did not make a formal finding at step five, but he did cite the vocational expert's testimony that if plaintiff were limited to light work, there would be jobs in significant numbers in the economy that she could perform.[2] Thus, the ALJ concluded that plaintiff was not disabled under the terms

---

[1] Medium work involves lifting items weighing up to 50 pounds at a time with frequent lifting or carrying of items weighing up to 25 pounds. See 20 C.F.R. §§ 404.1567(c), 416.967(c).

[2] If an individual can do medium work, he or she can also do light and sedentary work. See 20 C.F.R. §§ 404.1567(c), 416.967(c).

of the Social Security Act from January 28, 2013 through the date of the ALJ's decision, December 19, 2014.

B.      Analysis

Plaintiff solely objects to the M&R's finding that the ALJ did not err in his evaluation of her RFC.[3] See Objections (DE 23) at 4-6. In particular, plaintiff argues that the ALJ failed to do a function-by-function analysis to support his finding she can do medium work. Id. at 5. Plaintiff contends that the only evidence in support of the finding that she could perform medium work was a March 21, 2013 functional capacity evaluation. Id. Plaintiff further contends that the functional capacity evaluation does not prove that she can perform medium work on a regular and continuing basis because it is merely a snapshot of her functional capacity on the day of the evaluation. Id. Finally, plaintiff contends that just prior to the March 21, 2013 functional capacity evaluation she was on light duty restrictions and limited to lifting no more than 25 pounds. Id.

RFC is the capacity an individual possesses despite the limitations caused by physical or mental impairments. Hines v. Barnhart, 453 F.3d 559, 562 (4th Cir. 2006); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996) (noting that RFC is not the least an individual can do, but the most). RFC must be based upon all the relevant evidence in the record and should account for all of the claimant's medically determinable impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must match the claimant's exertional abilities to an appropriate work level (i.e., sedentary, light, medium, heavy,

---

[3] The magistrate judge addressed an additional argument raised by plaintiff concerning the ALJ's assessment of plaintiff's credibility, to which plaintiff has not articulated a specific objection. Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate judge's treatment of this issue.

5

or very heavy). See 20 C.F.R. §§ 404.1567, 416.967. Non-exertional limitations may further restrict a claimant's ability to perform jobs within an exertional level.[4] See 20 C.F.R. §§ 404.1569a(c), 416.969a(c).

In Mascio, the Fourth Circuit Court of Appeals remanded the case because the ALJ failed to conduct a function-by-function analysis. 780 F.3d at 635-36. The Fourth Circuit noted that remand may be warranted where the ALJ fails to assess a claimant's capacity to perform relevant functions where there is contradictory evidence or other inadequacies in the ALJ's analysis that hinder meaningful review. Id. at 636. The Fourth Circuit, however, explicitly rejected a per se rule requiring remand in the absence of a function-by-function analysis. Id. Rather, the Court held that a function-by-function analysis is not necessary when remand would prove futile, such as where the ALJ declines to discuss functions that are either "irrelevant or uncontested." Id. (citation omitted).

In this case, plaintiff has failed to provide specific examples of limitations in functioning the ALJ should have addressed. Without these examples, this court is unable to determine that the ALJ's analysis is "sorely lacking." See Mascio, 780 F.3d at 636.

Plaintiff's argument that the March 21, 2013 functional capacity evaluation does not prove that she can perform medium work on a regular and continuing basis lacks merit. The functional capacity evaluation, conducted by Kelly A. Senglar, a doctor of physical therapy, specifically states: "Tolerance for 8-Hour Day: Based on the individual task scores in Dynamic Strength, Position Tolerance and Mobility, the client is able to tolerate the Medium level of work for the 8-hour day/40-hour work week." (Tr. 412).

---

[4] Nonexertional limitations include the following: difficulty functioning due to being nervous, anxious, or depressed; difficulty maintaining attention or concentration; and difficulty seeing or hearing. See 20 C.F.R. §§ 404.1569a(c), 416.969a(c).

Furthermore, plaintiff's contention that the March 21, 2013 functional capacity evaluation was the only evidence cited by the ALJ to support his finding that she could perform medium work is not accurate. The ALJ noted that Perry Caviness, M.D., a state agency medical consultant, also opined that plaintiff could perform medium work. (Tr. 19, 80-82). The ALJ found that Dr. Caviness's assessment was consistent with the longitudinal medical record and consistent with plaintiff's formal test. (Tr. 19). The ALJ gave Dr. Caviness's opinion "great weight." (Id.)

Plaintiff's argument that the RFC finding was not valid because just prior to her March 21, 2013 functional capacity evaluation she was put on light duty restrictions lacks merit. It is true that David C. Miller, M.D. and Edgar A. Fike, IV, M.D. limited plaintiff to lifting no greater than 25 pounds just prior to her functional capacity evaluation. See (Tr. 18, 390, 406). The ALJ found that these opinions with regard to lifting no more than 25 pounds were entitled to "some weight," but also must be considered in light of the extensive, formal testing plaintiff had, which revealed she retained the functional capacity to perform medium work. (Tr. 18). Moreover, Dr. Miller limited plaintiff to light work only until the functional capacity evaluation could be completed to assess her ability to work. (Tr. 18, 406).

In sum, remand is not required in this case, where the ALJ's RFC finding is supported by substantial evidence, and the correct legal standard was applied. See Craig, 76 F.3d at 589.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 16) is DENIED, and defendant's motion for judgment on the pleadings (DE 20) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this 18th day of May, 2017.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge